**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

In re:

MICHELLE DEON LEE,

      Debtor.

Case No. 26-14100 KHT
Chapter 11

**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED**

THIS MATTER came before the Court on its own review of the file and the pleadings and requests for relief filed by Debtor Michelle Deon Lee ("Ms. Lee"), *pro se*. The following facts appear to be undisputed, unless otherwise indicated.

Ms. Lee filed a Chapter 13 bankruptcy petition on September 17, 2024, case number 24-15482 KHT (the "First Case"). The First Case was filed with the assistance of counsel. The First Case was deficient, as it was not accompanied by all documents required under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and this Court's Local Rules. Specifically, Ms. Lee did not file a Chapter 13 Plan. The Court issued a Notice of Deficiency, warning Ms. Lee her case would be dismissed if she did not file all required documents by October 1, 2024. She did not file a Chapter 13 Plan by that date, and the Court dismissed the First Case by Order entered October 4, 2024 (docket #27 in the First Case).

Six weeks later, on November 20, 2024, Ms. Lee filed another Chapter 13 bankruptcy petition, case number 24-16918 KHT (the "Second Case"). The Second Case was filed with the assistance of the same counsel who filed the First Case. In both the First Case and the Second Case, Ms. Lee listed an ownership interest in the following properties:

| |
|---|
| 15430 Fairway Drive, Commerce City, CO 80022 |
| 5031 N. Quemoy Ct., Aurora, CO 80019 |
| 16480 Fairway Drive, Commerce City, CO 80022 |
| 4328 Andes Way, Denver, CO 80249 |
| 25572 E. 5th Place, Aurora, CO 80018 |

In both the First Case and the Second Case, Ms. Lee's schedules reflected secured debt of over $3.6 million, far exceeding the $1,395,875 Chapter 13 debt limit set by 11 U.S.C. § 109(e). By order entered January 8, 2025 (docket #53 in the Second Case), the Court required Ms. Lee to file a motion to convert her case to one under Chapter 7, failing which her case would be dismissed. Ms. Lee filed a Motion to Convert her case to one under Chapter 7, which the Court granted by Order entered February 28, 2025 (docket #74 in the Second Case). Ms. Lee subsequently decided to represent herself in the Second Case.

During the pendency of the Second Case, the Court entered orders granting relief from stay, as follows:

| Creditor | Property | Docket # |
|---|---|---|
| New American Funding, LLC | 25572 East 5th Place Aurora, CO 80018 | 82 |
| Bellco Credit Union | 16480 Fairway Dr. Commerce City, CO 80022 | 163, 164 |
| Wilmington Savings Fund Society | 4328 N Andes Way Denver, CO 80249 | 241, 242 |
| Cornerstone Home Lending | 5031 N Quemoy Ct. Aurora, CO 80019 | 243, 244 |
| Nationstar Mortgage LLC | 16480 Fairway Dr. Commerce City, CO 80022 | 258, 259 |
| JPMorgan Chase Bank, N.A. | 2019 Ram 1500 VIN #1C6SRFLT8KN559395 | 320 |

As set forth in the Court's *Order Denying Motion and Imposing Filing Restrictions* (the "Filing Restrictions Order," docket #355 in the Second Case), Ms. Lee filed over one hundred motions and requests for relief that neither stated factual or legal bases for relief nor complied with applicable rules of procedure. In the Filing Restrictions Order, the Court held as follows:

The sheer volume of procedurally improper, meritless pleadings requesting relief previously considered and rejected by the Court shows Ms. Lee is more similarly situated to debtors on whom filing restrictions have been imposed, such as Mr. Armstrong, *see In re Armstrong*, 309 B.R. 799, 805 (10th Cir. BAP 2004), than to other self-represented debtors who have appeared before this Court. The Court has made many attempts to explain applicable rules and law to Ms. Lee, but those attempts have been unsuccessful. On July 18, 2025 (docket #213), the Court entered an order setting forth detailed explanations of its prior rulings, and the Court specifically held it would not consider "any further motion seeking reconsideration of, or relief from, the Court's Order Vacating Order Avoiding [Kalamata's] Lien (docket #121), Order Avoiding [Kalamata's] Lien (docket #122), Order on Pending Motions (docket #162), order granting relief from stay to New American (docket #82), or order granting relief from stay to Bellco (docket ##163, 164)." Shortly thereafter, in August and September 2025, Ms. Lee filed twelve adversary proceedings, almost all of which sought relief the Court had previously considered and rejected, including attempts to object to proofs of claim without showing her standing to do so, attempts to argue creditors' failure to file proofs of claim invalidated their liens despite the Court's prior rulings to the contrary, attempts to relitigate the Court's rulings concerning Kalamata's lien, and attempts to relitigate relief from stay granted to New American, Bellco, and other creditors. Each adversary proceeding was dismissed by separate order. Ms. Lee continued to file motions attempting to relitigate Kalamata's lien, orders granting relief

ORDER TO SHOW CAUSE
Case No. 26-14100 KHT

from stay, and her objections to creditors' proofs of claim or lack thereof. By Order entered December 19, 2025 (docket #330), the Court set forth the procedural and substantive failings of Ms. Lee's continued filings. The Court explained Ms. Lee was not entitled to relitigate the Court's orders granting relief from stay and was not entitled to pursue objections to proofs of claim without a showing of standing. The Court warned it was considering the imposition of filing restrictions. Ms. Lee then filed an Emergency Motion (docket #339) and procedurally improper notice of hearing (docket #340), seeking relief from one or more of the Court's orders granting relief from stay and asserting objections to creditors' proofs of claim or lack thereof.

Ms. Lee has proven herself incapable of accepting any ruling she does not perceive to be in her favor. Rather than pursuing appeals, she simply repeats her requests for relief in subsequent motions. She has not demonstrated an objective good faith expectation of prevailing. Instead, by filing motion after motion seeking the same relief, she has demonstrated an apparent attempt to "wear down" opposing parties and the Court. She has wasted the time of, and caused an unnecessary burden on, other parties to the case and the Court.

Ms. Lee has further indicated an unwillingness to change her behavior, blaming the Court and the Trustee for her inability to comply with applicable rules and orders of the Court and stating as follows: "Debtor has had no way to vindicate her rights except through continuing motions." (docket #343, at *5). Ms. Lee's continuing motions do not vindicate her rights. They constitute harassment. The Court cannot allow this behavior to continue.

By inundating the Court with motions and requests for relief that do not comply with applicable rules of procedure, do not state a basis in law or fact, and ignore the Court's prior rulings, Ms. Lee has shown herself to be an abusive litigant. The Court has the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions appropriate for the circumstances. *In re Armstrong,* 309 B.R. at 805. The Court finds the filing restrictions set forth on Exhibit B are necessary to prevent harassment and abuse. They are narrowly tailored to address the problem of Ms. Lee's repeated filing of motions that fail to follow rules of procedure and that repeat arguments previously considered and rejected. They do not deny Ms. Lee access to this Court or other courts of appropriate jurisdiction. They do not prevent parties in interest from pursuing challenges to creditors' proofs of claim, nor do they prevent Ms. Lee from pursuing foreclosure or other defenses in courts of applicable jurisdiction, such as the state courts.

Filing Restrictions Order at 8-9. After the entry of the Filing Restrictions Order, Ms. Lee continued to file pleadings and requests for relief that did not state factual or legal bases for relief and/or did not comply with applicable rules of procedure, each of which was

ORDER TO SHOW CAUSE
Case No. 26-14100 KHT

struck (docket ##347, 357, 361 in the Second Case). The Court entered Ms. Lee's Chapter 7 discharge on February 24, 2026 (docket #378 in the Second Case) and then dismissed the Second Case on Ms. Lee's request (docket #379 in the Second Case). After the Second Case was dismissed, Ms. Lee continued to file motions requesting relief on various theories, including that she was the representative of herself as a minor/infant and that her case should be remanded to a probate court. The Court denied those motions and ordered her case closed (docket #388 in the Second Case). The Second Case was closed April 24, 2026.

Shortly thereafter, on June 8, 2026, Ms. Lee filed the above-captioned Chapter 11, Subchapter V bankruptcy petition (the "Third Case"). The Third Case was filed without the assistance of counsel. In the Schedules filed with the Third Case, Ms. Lee listed no unsecured creditors. She listed secured creditors, including the Internal Revenue Service, the Colorado Department of Revenue, Bellco Credit Union, Cornerstone Home Lending, Nationstar Mortgage LLC, Kalamata Capital Group, New American Funding, LLC, Trinity Life Insurance Company, The Gallery at Reunion Association, Inc., and JPMorgan Chase Bank, all but one of which were listed as secured creditors in the Second Case,[1] and several of which were granted relief from stay in the Second Case. She listed an ownership interest in the following properties:

| |
| --- |
| 15430 Fairway Drive, Commerce City, CO 80022 |
| 5031 N. Quemoy Ct., Aurora, CO 80019 |
| 16480 Fairway Drive, Commerce City, CO 80022 |
| 25572 E. 5th Place, Aurora, CO 80018 |

She also listed an ownership interest in a 2019 Ram 1500, presumably the same vehicle as to which relief from stay was granted in the Second Case, and in a 2022 Maserati Levante, presumably the same vehicle she omitted from the schedules she filed in the Second Case, stating it was owned by her business, Residential Care Services, LLC (see Adversary Proceeding No. 25-01277 KHT).

The Third Case was deficient, as it was not accompanied by all documents required under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and this Court's Local Rules. Specifically, as set forth in a Notice of Deficiency issued June 9, 2026, Ms. Lee did not file the following:

- Statement of Financial Affairs
- Summary of Assets and Liabilities
- Schedule C
- Schedule E/F
- Schedule H
- Declaration About an Individual Debtor's Schedules Official Form 106Dec
- Employee Income Records and/or Statement Concerning Payment Advices (L.B.F. 1007-6.1)

---

[1] The Colorado Department of Revenue was not listed as a secured creditor in the Second Case.

ORDER TO SHOW CAUSE
Case No. 26-14100 KHT

- Statement regarding whether a receiver is in possession of all or any part of the Debtor's property (L.B.F. 1007-7.1)
- Most recent balance sheet, statement of operations, cash flow statement, and federal income tax return; or, in the alternative, a statement under penalty of perjury that no balance sheet, statement of operations, or cash-flow statement has been prepared and no federal tax return has been filed.

The Notice of Deficiency provided Ms. Lee's case would be dismissed if the deficiencies were not cured by June 22, 2026.

Because the Third Case was filed as a Subchapter V case, the U.S. Trustee appointed a Trustee. The appointment of a Trustee and the other requirements of Subchapter V apparently came as a surprise to Ms. Lee. On June 15, she filed a motion to convert her case to one under Chapter 11, stating "Debtor did not intend to accept the trustee oversight, strict Sub V deadlines, or other constraints" (docket #24). Her motion to convert was accompanied by a notice that did not comply with Local Rule 9013-1, notwithstanding this Court's prior efforts, throughout the Second Case, to explain the requirements of that rule. Ms. Lee also filed a notice purporting to object to this Court's exercise of jurisdiction over her bankruptcy case (docket #15) and a notice purporting to object to admissible evidence (docket #14), although no evidentiary hearing is pending. It therefore appears to the Court Ms. Lee is continuing the practice she established in the Second Case of filing motions that do not comply with applicable rules of procedure and/or do not state factual or legal bases for relief.

> Chapter 11 of the Bankruptcy Code is a powerful tool (i.e., automatic stay, marshalling and turnover of assets and discharge of debts) which can be initiated with virtual impunity. Any person who meets the minimal eligibility requirements contained in 11 U.S.C. § 109(d) may file a Chapter 11 petition. These minimal eligibility requirements render Chapter 11 amenable to abuse. The good faith standard for the filing and maintenance of Chapter 11 cases protects the jurisdictional integrity of the bankruptcy courts and prohibits a debtor's misuse of its processes. It is well established that a lack of good faith constitutes cause for dismissal of a Chapter 11 case under 11 U.S.C. § 1112(b). As this Court has observed:

>> The good faith requirement provides parties in interest and the bankruptcy courts with an important and useful policing tool for preserving the reorganization process for those Chapter 11 cases for which it was actually intended. Its proper application makes certain that debtors who seek bankruptcy reorganization protection do so for no purpose other than to accomplish the legitimate aims and objectives of the statute.

> *In re HBA East, Inc.*, 87 B.R. 248, 258 (Bankr. E.D.N.Y. 1988).

*In re Purpura*, 170 B.R. 202, 206 (Bankr. E.D.N.Y. 1994) (citations and footnote omitted); *quoted in In re Nichols*, 223 B.R. 353, 359-60 (Bankr. N.D. Okla. 1998). Here, Ms. Lee

5

ORDER TO SHOW CAUSE
Case No. 26-14100 KHT

received a Chapter 7 discharge and asserts she has no unsecured debt. It appears the purpose of her bankruptcy filing is to hinder and delay the same secured creditors as in the Second Case, with little to no likelihood of successfully confirming a Chapter 11 plan. The Court will require Ms. Lee to show cause in writing why her case should not be dismissed under 11 U.S.C. § 1112(b), and why that dismissal should not be with prejudice to refiling another case within 180 days under 11 U.S.C. § 349(a), for abuse or bad faith conduct prejudicial to a creditor. *See In re Guebert*, No. 07-41165, 2008 WL 1744777, at *8 (Bankr. D. Kan. Apr. 11, 2008) (applying § 349(a)). In her response, Ms. Lee must state how she expects to satisfy each applicable element of 11 U.S.C. §§ 1123 and 1129. Ms. Lee must attach to her response a full copy of each case, statute, rule, or regulation referenced in the response, except Ms. Lee need not attach a full copy of the Bankruptcy Code sections or the cases cited in this Order to Show Cause.

It further appears Ms. Lee may be ineligible to be a debtor under 11 U.S.C. § 109(g)(2), because within the preceding 180 days, she was a debtor in a case in which she requested and obtained the voluntary dismissal of the case following the filing (and the granting) of a request for relief from the automatic stay. *See In re Gill*, 584 B.R. 63, 71 (Bankr. W.D. Okla. 2018) (applying § 109(g)(2)). The Court will require Ms. Lee to show cause in writing why her case should not be dismissed for ineligibility.

Accordingly, it is

HEREBY ORDERED that, on or before **July 10, 2026**, Ms. Lee must comply with the following, failing which her case will be dismissed with prejudice for 180 days:

1.    Show cause in writing why the above-captioned case should not be dismissed under 11 U.S.C. § 1112(b), and why that dismissal should not be with prejudice to refiling another case within 180 days under 11 U.S.C. § 349(a). In her response, Ms. Lee must state how she expects to satisfy each applicable element of 11 U.S.C. §§ 1123 and 1129. Ms. Lee must attach to her response a full copy of each case, statute, rule, or regulation referenced in the response, except that Ms. Lee need not attach a full copy of the Bankruptcy Code sections or the cases cited in this Order to Show Cause; and

2.    Show cause in writing why she is eligible to be a debtor under 11 U.S.C. § 109(g)(2).

Dated June 18, 2026                              BY THE COURT:

Kimberley H. Tyson
United States Bankruptcy Judge

6