FILED
CLERK OF COURT

JUN 2 3 2026

U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

Michelle D. Lee
15430 Fairway Dr. Commerce City Co. 80022
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
In re:  Michelle D. Lee  Expressed Grantor /Beneficiary
Case No. 26-14100-KHT
MOTION TO EXTEND TIME TO RESPOND TO NOTICE OF DEFICIENCIES,
FOR CLARIFICATION OF TRUSTEE ASSIGNMENT, AND TO CONFIRM DIP
STATUS
COMES NOW the Debtor, Michelle  and respectfully moves this Court for an order
extending the time to respond to the Notice of Deficiencies, seeking relief under 11
U.S.C. § 1112(b) and other applicable authorities, and for clarification as to which
trustee is currently assigned to this case Tammie or Kevin or removed from the case
I submitted a new email address for this case I would like to correct the email
address to which things are being reported . The old address is
leedreamgoddes@gmail .com. I entered the new address as
mlee.yourrightsmatter@gmail.com . The Debtor filed a request on June 15, 2026, seeking
relief under 11 U.S.C. § 1112(b) and other applicable authorities to request conversion.
 The Debtor further requests confirmation that the Debtor remains debtor in
possession. In support, the Debtor states as follows:

1. The Debtor is an individual debtor in a Chapter 11 case.
2. On June 15,2026, the Debtor filed a request seeking relief under 11 U.S.C. §
1112(b) and other applicable authorities to request conversion .
3. The Debtor has been contacted by two trustees and respectfully requests
clarification as to which trustee is currently assigned to administer this case.
4. The Debtor requests confirmation that the Debtor remains debtor in possession
5. The Debtor needs additional time to prepare the correct response and to ensure
the filing is accurate and complete and ensure proper notice to contact the debtor
and roles of each person to work with.
6. Good cause exists to extend the deadline to respond to the Notice of Deficiencies
Good cause exists because the matter is moving quickly and the Debtor needs
additional time to avoid filing an incomplete or incorrect document.
WHEREFORE, the Debtor respectfully requests that the Court enter an order:
(a) extending the time to respond to the Notice of Deficiencies until 07/14/26
(b) clarifying which trustee is assigned to this case;
(c) confirming that the Debtor remains debtor in possession unless and until the
Court orders otherwise; and
(d) granting such other and further relief as the Court deems just and proper.

Dated: [date]
Respectfully submitted

$6 10 - 03-24$

Michelle D. Lee
15430 Fairway Dr. Commerce City Co. 80022
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re:   Michelle D. Lee   Expressed Grantor /Beneficiary
Case No. 26-14100-KHT


ORDER GRANTING MOTION TO EXTEND DEADLINE

 Debtor's Motion to Extend Deadline to File Response to Notice of Deficiencies,
and for good cause shown, it is ORDERED that the deadline to file a response to the Notice
of Deficiencies
is extended to 07/14/2026

IT IS SO ORDERED.

Dated: [date]                        _____
                        United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
15430 Fairway Dr. Commerce City Co. 80022
In re:   Michelle D. Lee   Expressed Grantor
UNITED STATES BANKRUPTCY COURT
NOTICE OF MOTION

TO: U.S. Trustee, Subchapter V Trustee, all creditors and parties in interest

PLEASE TAKE NOTICE that on 06/22/26 the debtor filed a motion to extend notice of deficiencies
seeking relief under 11 U.S.C. § 1112(b) and other authorities.

Deadline to File Objection: Any objection to the Motion must be filed with the Court and served on
the debtor's counsel on or before **14 days** from the date of service of this Notice pursuant to
L.B.R. 2081-3(b)(1). (This short notice period is permitted under Colorado's rules.)
If no objection is timely filed, submitted and served, the Court may grant the Motion without oral
hearing, upon filing of a **Certificate of Non-Contested Matter**, in accordance with L.B.R.
2081-3(b)(3)(C).
Dated: _____

Respectfully submitted,
Debtor-in-Possession

## CERTIFICATE OF SERVICE

I certify that on _____06/16/26I served a true and correct copy of the foregoing

MOTION TO EXTEND TIME TO RESPOND TO NOTICE OF DEFICIENCIES, FOR CLARIFICATION OF TRUSTEE ASSIGNMENT, AND TO CONFIRM DIP STATUS

[Title of Document] by [method of service: U.S. Mail
upon the following parties at the addresses listed below:

**15430 Fairway Dr., Commerce City, CO 80022 Adams County**

**Creditor / Counsel: Randall S. Miller & Associates, P.C. - CO**

**Contact / Addressee: Aricyn Dall**

**Address: 216 16th Street, Suite 1210, Denver, CO 80202**

**Abbey Ulsh Dreher**

**Bonial & Associates, PC**

**14841 Dallas Parkway**

**Suite 300**

**Dallas, TX 75254**

**512-241-9699  Email: abbey.dreher@bonialpc.com**

**Creditor: Bellco Credit Union**

**Counsel / Addressee: Janeway Law Firm, P.C. / Allison April**

**Address: 9540 Maroon Circle, Suite 320, Englewood, CO 80112**

**Creditor / Servicer: Nationstar (Mr. Cooper)**

**Contact / Addressee: Rachael S.**

**Address: 4004 Beltline Rd, Suite 100, Addison, TX 75001**

**New American**

**Address: PO Box 10826, Greenville, SC 29603-0826**

**2. Addressee:HEATHER L. DEERE; HALLIDAY, WATKINS & MANN, P.C. Heather L. Deere, #28597**

**Address: 355 Union Blvd., Suite 250, Lakewood, CO 80228**

**Federal Building : Byron G. Rogers Federal Building, 1961 Stout St., Ste. 12-200, Denver, CO 80294**

Kalamata / Purchaser (opposing party)

Purchaser's counsel: Robert Gregory Busch, RG Busch, PLLC

Address: P.O. Box 3931, Greenwood Village, CO 80155

Notes: Counsel for Kalamata Capital Group, LLC — include in demand and Certificate of Service.

Servicer / Agent (identified contact)

Corporate Servicer: Berkovitch & Bouskila (or servicer contact)

Contact: Ariel Bouskila, Partner

Address: 1545 Route 202, Suite 101, Pomona, NY 10970Phone: 212-729-1477Email: ari@bblawpllc.com

Michelle D. Lee
15430 Fairway Dr. Commerce City Co. 80022
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

FILED
CLERK OF COURT

JUN 1 5 2026

U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

In re:  Michelle D. Lee   Expressed Grantor /Beneficiary
Case No. 26-14100-KHT
Chapter 11 — Subchapter V
MOTION TO CONVERT CASE FROM SUBCHAPTER V TO REGULAR CHAPTER 11

## I. Introduction

Debtor, Michelle D. Lee , by and through undersigned counsel, moves this Court under 11 U.S.C. §§ 105(a), 1112(b), and Local Bankruptcy Rule (L.B.R.) 2081-3, to convert this case from Subchapter V of Chapter 11 to a regular Chapter 11 case.

## II. Background

1. Debtor filed this case as a Subchapter V case on [Date of Filing], owning four rental properties generating income.
2. Current debts are largely from tax liens and judgments. There is little or no unsecured debt.
3. Debtor did not intend to accept the trustee oversight, strict Sub V deadlines, or other constraints, and now finds that regular Chapter 11 better fits their financial structure and reorganization needs.

## III. Legal Basis

4. Under 11 U.S.C. § 1112(b), conversion of a Chapter 11 case may be granted "for cause." Under L.B.R. 2081-3, motions to convert Chapter 11 cases must comply with the procedure set by the Colorado court. (cob.uscourts.gov)
5. Subchapter V requires appointment of a trustee and imposes a duty to file a plan within 90 days. Regular Chapter 11 does not mandate a trustee unless cause, and gives broader timelines.

## IV. Grounds Supporting Conversion ("Cause")

6. Mandatory Trustee Oversight — Subchapter V automatically assigns a trustee with oversight powers. Debtor seeks to avoid that oversight to maintain control of business operations.