FILED
CLERK OF COURT
AUG 3 - 2026
U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re:
MICHELLE DEON LEE, Case No. 26-14100-KHT
Debtor. Chapter 11, Subchapter V

DEBTOR'S REQUEST FOR RULING ON PENDING OBJECTION
TO FINAL ADJUDICATION AND NOTICE OF NON-CONSENT

Debtor, Michelle Deon Lee, respectfully requests a ruling on Debtor's pending objection to final adjudication by the bankruptcy court and states as follows:

1. Debtor has filed an objection to final jurisdiction / final adjudication and has given notice that Debtor does not consent to entry of any final order by the bankruptcy court on the issues presented, including any Stern / Article III matters.

2. Debtor respectfully submits that the issues raised require final determination by an Article III judge.

3. To the extent the bankruptcy court may consider the issues in the first instance, Debtor requests that the court issue only proposed findings of fact and conclusions of law for review by the district court.

4. No objection has been filed to Debtor's pending objection, and no ruling has yet been entered.

5. Debtor respectfully requests that the Court rule on the pending objection and clarify whether any final adjudication will be entered by an Article III judge.our , if the Court is denying my motion, I respectfully ask that the Court state the specific reasons for the denial and the legal grounds relied on, and whether there are any conditions I can meet to cure the issue

WHEREFORE, Debtor respectfully requests that the Court enter a ruling on the pending objection and grant such other and further relief as the Court deems just and proper.

Dated:

Respectfully submitted,
Michelle Deon Lee

8-3-26

9. The current Chapter 11, Subchapter V case was filed on June 8, 2026.

10. The fact that the Second Case remained open through discharge and closure shows that the case did not end immediately or automatically because of the earlier stay-relief rulings.

11. The record does not establish that Debtor's later dismissal of the Second Case was caused by, or directly tied to, the filing or granting of the stay-relief motions in the manner contemplated by § 109(g)(2).

12. Because § 109(g)(2) is a penalty-type provision, it should not be expanded beyond its plain terms or applied without the precise statutory facts.

13. Debtor respectfully submits that the Court's application of § 109(g)(2) was too broad, and the 180-day bar should not be imposed on these facts.

WHEREFORE, Debtor respectfully requests that the Court enter an order:

A. Reconsidering the July 21, 2026 Order to the extent it imposes a 180-day bar under 11 U.S.C. § 109(g)(2);

B. Vacating or amending the finding that Debtor is barred from refiling for 180 days;

C. Clarifying that § 109(g)(2) does not apply on the facts of this case; and

D. Granting such other and further relief as the Court deems just and proper.

Dated: [date]

Respectfully submitted,

8-3-20

Michelle Deon Lee

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re:

MICHELLE DEON LEE, Debtor.

Case No. 26-14100-KHT
Chapter 11, Subchapter V

ORDER GRANTING DEBTOR'S MOTION TO RECONSIDER IN PART
ORDER DISMISSING CASE WITH PREJUDICE

Upon consideration of Debtor's Motion to Reconsider, Vacate, or Amend the Order Dismissing Case With Prejudice to the extent it imposes a 180-day bar under 11 U.S.C. § 109(g)(2), and for good cause shown, it is hereby ORDERED that the portion of the July 21, 2026 Order imposing a 180-day refiling bar is VACATED / AMENDED / SET ASIDE.

IT IS SO ORDERED.

Dated: ______________________

______________________________
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

**I certify that on ______06/16/26I served a true and correct copy of the foregoing [Title of Document] by [method of service: U.S. Mail upon the following parties at the addresses listed below:**
**Objection to dismissal**

**15430 Fairway Dr., Commerce City, CO 80022 Adams County**

**Creditor / Counsel: Randall S. Miller & Associates, P.C. - CO**
**Contact / Addressee: Aricyn Dall**
**Address: 216 16th Street, Suite 1210, Denver, CO 80202**

**Abbey Ulsh Dreher**
**Bonial & Associates, PC**
**14841 Dallas Parkway**
**Suite 300**
**Dallas, TX 75254**
**512-241-9699 Email: abbey.dreher@bonialpc.com**

**Creditor: Bellco Credit Union**
**Counsel / Addressee: Janeway Law Firm, P.C. / Allison April**
**Address: 9540 Maroon Circle, Suite 320, Englewood, CO 80112**

**Creditor / Servicer: Nationstar (Mr. Cooper)**
**Contact / Addressee: Rachael S.**
**Address: 4004 Beltline Rd, Suite 100, Addison, TX 75001**
**New American**
**Address: PO Box 10826, Greenville, SC 29603-0826**
**2. Addressee:HEATHER L. DEERE; HALLIDAY, WATKINS & MANN, P.C. Heather L. Deere, #28597**
**Address: 355 Union Blvd., Suite 250, Lakewood, CO 80228**
**Federal Building : Byron G. Rogers Federal Building, 1961 Stout St., Ste. 12-200, Denver, CO 80294**

Kalamata / Purchaser (opposing party)

Purchaser's counsel: Robert Gregory Busch, RG Busch, PLLC
Address: P.O. Box 3931, Greenwood Village, CO 80155
Notes: Counsel for Kalamata Capital Group, LLC — include in demand and Certificate of Service.

Servicer / Agent (identified contact)

Corporate Servicer: Berkovitch & Bouskila (or servicer contact)
Contact: Ariel Bouskila, Partner
Address: 1545 Route 202, Suite 101, Pomona, NY 10970Phone: 212-729-1477Email: ari@bblawpllc.com