FILED
CLERK OF COURT
AUG - 4 2026
U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re:
MICHELLE DEON LEE, Case No. 26-14100-KHT
Debtor. Chapter 11, Subchapter V

# NOTICE OF APPEAL

Chapter [7 / 11 / 13]
NOTICE OF APPEAL
Notice is hereby given that Michelle D. Lee appeals to the [District Court / Bankruptcy Appellate Panel, if applicable] from the July 21,2026 order to dismiss at docket entry 45.
The appellant seeks review of the ruling on the grounds that:

1. the court did not address all pending motions and issues presented;
2. the order was entered without full consideration of the record;
3. the underlying obligation was not paid, satisfied, or otherwise resolved as reflected in the record; and
4. the ruling is erroneous and should be reversed, vacated, or remanded for further proceedings.
5. The appellant appeals the order because the court erred in its treatment of the bar date and improperly applied 11 U.S.C. § 109(g)(2). The ruling was contrary to the facts and the applicable law, and should be reversed, vacated, or remanded for further proceedings.

RELIEF REQUESTED
Appellant requests that the appellate court reverse or vacate the order appealed from and grant such other relief as is just and proper.
Date: [date] 8-4-26
Respectfully submitted,
Signature: ____________________

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re:<br><br>MICHELLE DEON LEE,<br><br>Debtor. | Case No. 26-14100 KHT<br>Chapter 11 |

**ORDER DISMISSING CASE WITH PREJUDICE**

THIS MATTER came before the Court on its own review of the file and the pleadings and requests for relief filed by Debtor Michelle Deon Lee ("Ms. Lee"), *pro se*, including Ms. Lee's Response (docket #35) to this Court's Order to Show Cause (docket #27). The Court is fully advised in the premises and hereby finds[1] and concludes as follows:

Ms. Lee filed a Chapter 13 bankruptcy petition on September 17, 2024, case number 24-15482 KHT (the "First Case"). The First Case was filed with the assistance of counsel. The First Case was deficient, as it was not accompanied by all documents required under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and this Court's Local Rules. Specifically, Ms. Lee did not file a Chapter 13 Plan. The Court issued a Notice of Deficiency, warning Ms. Lee her case would be dismissed if she did not file all required documents by October 1, 2024. She did not file a Chapter 13 Plan by that date, and the Court dismissed the First Case by Order entered October 4, 2024 (docket #27 in the First Case).

Six weeks later, on November 20, 2024, Ms. Lee filed another Chapter 13 bankruptcy petition, case number 24-16918 KHT (the "Second Case"). The Second Case was filed with the assistance of the same counsel who filed the First Case. In both the First Case and the Second Case, Ms. Lee listed an ownership interest in the following properties:

| |
|---|
| 15430 Fairway Drive, Commerce City, CO 80022 |
| 5031 N. Quemoy Ct., Aurora, CO 80019 |
| 16480 Fairway Drive, Commerce City, CO 80022 |
| 4328 Andes Way, Denver, CO 80249 |
| 25572 E. 5th Place, Aurora, CO 80018 |

In both the First Case and the Second Case, Ms. Lee's schedules reflected secured debt of over $3.6 million, far exceeding the $1,395,875 Chapter 13 debt limit set by 11 U.S.C. § 109(e). By order entered January 8, 2025 (docket #53 in the Second Case), the Court required Ms. Lee to file a motion to convert her case to one under

[1] The Court does not find disputed issues of material fact require an evidentiary or other hearing.

Chapter 7, failing which her case would be dismissed. Ms. Lee filed a Motion to Convert her case to one under Chapter 7, which the Court granted by Order entered February 28, 2025 (docket #74 in the Second Case). Ms. Lee subsequently decided to represent herself in the Second Case.

During the pendency of the Second Case, the Court entered orders granting relief from stay, as follows:

| **Creditor** | **Property** | **Docket #** |
|---|---|---|
| New American Funding, LLC | 25572 East 5th Place<br>Aurora, CO 80018 | 82 |
| Bellco Credit Union | 16480 Fairway Dr.<br>Commerce City, CO 80022 | 163, 164 |
| Wilmington Savings Fund Society | 4328 N Andes Way<br>Denver, CO 80249 | 241, 242 |
| Cornerstone Home Lending | 5031 N Quemoy Ct.<br>Aurora, CO 80019 | 243, 244 |
| Nationstar Mortgage LLC | 16480 Fairway Dr.<br>Commerce City, CO 80022 | 258, 259 |
| JPMorgan Chase Bank, N.A. | 2019 Ram 1500<br>VIN #1C6SRFLT8KN559395 | 320 |

As set forth in the Court's *Order Denying Motion and Imposing Filing Restrictions* (the "Filing Restrictions Order," docket #355 in the Second Case), Ms. Lee filed over one hundred motions and requests for relief that neither stated factual or legal bases for relief nor complied with applicable rules of procedure. In the Filing Restrictions Order, the Court held as follows:

> The sheer volume of procedurally improper, meritless pleadings requesting relief previously considered and rejected by the Court shows Ms. Lee is more similarly situated to debtors on whom filing restrictions have been imposed, such as Mr. Armstrong, *see In re Armstrong*, 309 B.R. 799, 805 (10th Cir. BAP 2004), than to other self-represented debtors who have appeared before this Court. The Court has made many attempts to explain applicable rules and law to Ms. Lee, but those attempts have been unsuccessful. On July 18, 2025 (docket #213), the Court entered an order setting forth detailed explanations of its prior rulings, and the Court specifically held it would not consider "any further motion seeking reconsideration of, or relief from, the Court's Order Vacating Order Avoiding [Kalamata's] Lien (docket #121), Order Avoiding [Kalamata's] Lien (docket #122), Order on Pending Motions (docket #162), order granting relief from stay to New American (docket #82), or order granting relief from stay to Bellco (docket ##163, 164)." Shortly thereafter, in August and September 2025, Ms. Lee filed twelve adversary proceedings, almost all of which sought relief the Court had previously considered and rejected, including attempts to object to proofs of claim without showing her standing to do so,

attempts to argue creditors' failure to file proofs of claim invalidated their liens despite the Court's prior rulings to the contrary, attempts to relitigate the Court's rulings concerning Kalamata's lien, and attempts to relitigate relief from stay granted to New American, Bellco, and other creditors. Each adversary proceeding was dismissed by separate order. Ms. Lee continued to file motions attempting to relitigate Kalamata's lien, orders granting relief from stay, and her objections to creditors' proofs of claim or lack thereof. By Order entered December 19, 2025 (docket #330), the Court set forth the procedural and substantive failings of Ms. Lee's continued filings. The Court explained Ms. Lee was not entitled to relitigate the Court's orders granting relief from stay and was not entitled to pursue objections to proofs of claim without a showing of standing. The Court warned it was considering the imposition of filing restrictions. Ms. Lee then filed an Emergency Motion (docket #339) and procedurally improper notice of hearing (docket #340), seeking relief from one or more of the Court's orders granting relief from stay and asserting objections to creditors' proofs of claim or lack thereof.

Ms. Lee has proven herself incapable of accepting any ruling she does not perceive to be in her favor. Rather than pursuing appeals, she simply repeats her requests for relief in subsequent motions. She has not demonstrated an objective good faith expectation of prevailing. Instead, by filing motion after motion seeking the same relief, she has demonstrated an apparent attempt to "wear down" opposing parties and the Court. She has wasted the time of, and caused an unnecessary burden on, other parties to the case and the Court.

Ms. Lee has further indicated an unwillingness to change her behavior, blaming the Court and the Trustee for her inability to comply with applicable rules and orders of the Court and stating as follows: "Debtor has had no way to vindicate her rights except through continuing motions." (docket #343, at *5). Ms. Lee's continuing motions do not vindicate her rights. They constitute harassment. The Court cannot allow this behavior to continue.

By inundating the Court with motions and requests for relief that do not comply with applicable rules of procedure, do not state a basis in law or fact, and ignore the Court's prior rulings, Ms. Lee has shown herself to be an abusive litigant. The Court has the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions appropriate for the circumstances. *In re Armstrong*, 309 B.R. at 805. The Court finds the filing restrictions set forth on Exhibit B are necessary to prevent harassment and abuse. They are narrowly tailored to address the problem of Ms. Lee's repeated filing of motions that fail to follow rules of procedure and that repeat arguments previously considered and rejected. They do not deny Ms. Lee access to this Court or other courts of appropriate jurisdiction. They do not prevent parties in interest from pursuing challenges

> to creditors' proofs of claim, nor do they prevent Ms. Lee from pursuing foreclosure or other defenses in courts of applicable jurisdiction, such as the state courts.

Filing Restrictions Order at 8-9. After the entry of the Filing Restrictions Order, Ms. Lee continued to file pleadings and requests for relief that did not state factual or legal bases for relief and/or did not comply with applicable rules of procedure, each of which was struck (docket ##347, 357, 361 in the Second Case). The Court entered Ms. Lee's Chapter 7 discharge on February 24, 2026 (docket #378 in the Second Case) and then dismissed the Second Case on Ms. Lee's request (docket #379 in the Second Case). After the Second Case was dismissed, Ms. Lee continued to file motions requesting relief on various theories, including that she was the representative of herself as a minor/infant and that her case should be remanded to a probate court. The Court denied those motions and ordered her case closed (docket #388 in the Second Case). The Second Case was closed April 24, 2026.

Shortly thereafter, on June 8, 2026, Ms. Lee filed the above-captioned Chapter 11, Subchapter V bankruptcy petition (the "Current Case"), her third. The Current Case was filed without the assistance of counsel. In the Schedules filed with the Current Case, Ms. Lee listed no unsecured creditors. She listed secured creditors, including the Internal Revenue Service, the Colorado Department of Revenue, Bellco Credit Union, Cornerstone Home Lending, Nationstar Mortgage LLC, Kalamata Capital Group, New American Funding, LLC, Trinity Life Insurance Company, The Gallery at Reunion Association, Inc., and JPMorgan Chase Bank, all but one of which were listed as secured creditors in the Second Case,[2] and several of which were granted relief from stay in the Second Case. She listed an ownership interest in the following properties:

| |
|---|
| 15430 Fairway Drive, Commerce City, CO 80022 |
| 5031 N. Quemoy Ct., Aurora, CO 80019 |
| 16480 Fairway Drive, Commerce City, CO 80022 |
| 25572 E. 5th Place, Aurora, CO 80018 |

She also listed an ownership interest in a 2019 Ram 1500, presumably the same vehicle as to which relief from stay was granted in the Second Case, and in a 2022 Maserati Levante, presumably the same vehicle she omitted from the schedules she filed in the Second Case, stating it was owned by her business, Residential Care Services, LLC (see Adversary Proceeding No. 25-01277 KHT).

The Current Case was deficient, as it was not accompanied by all documents required under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and this Court's Local Rules. Specifically, as set forth in a Notice of Deficiency issued June 9, 2026, Ms. Lee did not file the following:

- Statement of Financial Affairs

---

[2] The Colorado Department of Revenue was not listed as a secured creditor in the Second Case.

- Summary of Assets and Liabilities
- Schedule C
- Schedule E/F
- Schedule H
- Declaration About an Individual Debtor's Schedules Official Form 106Dec
- Employee Income Records and/or Statement Concerning Payment Advices (L.B.F. 1007-6.1)
- Statement regarding whether a receiver is in possession of all or any part of the Debtor's property (L.B.F. 1007-7.1)
- Most recent balance sheet, statement of operations, cash flow statement, and federal income tax return; or, in the alternative, a statement under penalty of perjury that no balance sheet, statement of operations, or cash-flow statement has been prepared and no federal tax return has been filed.

The Notice of Deficiency provided Ms. Lee's case would be dismissed if the deficiencies were not cured by June 22, 2026. On June 23, 2026, Ms. Lee requested an extension of time to cure the deficiencies (docket #31). The Court promptly denied the extension (docket #32). Almost one month after the deadline, the deficiencies have not been cured. Ms. Lee has actively monitored this case and has been quick to file motions and requests for relief that she perceives to advance her cause, including objections to each proof of claim filed to date (docket ##37-42).[3] But, Ms. Lee has not been quick to comply with the basic requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Court's Local Rules, and the Court's Orders. Her failure to cure the deficiencies evidences a lack of good faith and requires dismissal of her bankruptcy case.

When Ms. Lee filed the Current Case, she filed an Application for Individuals to Pay the Filing Fee in Installments (docket #4), promising to pay $600.00 on June 12, 2026; $600 on July 12, 2026; and $600.00 on August 12, 2026. On June 18, 2026, the Court denied the Application (docket #26), requiring payment of the entire filing fee by July 2, 2026. Ms. Lee has not made any payment toward the filing fee. Her lack of payment evidences a lack of good faith and requires dismissal of her bankruptcy case.

As this Court noted in its Order to Show Cause Why Case Should Not Be Dismissed (the "Show Cause Order," docket #27):

> Chapter 11 of the Bankruptcy Code is a powerful tool (i.e., automatic stay, marshalling and turnover of assets and discharge of debts) which can be initiated with virtual impunity. Any person who meets the minimal eligibility requirements contained in 11 U.S.C. § 109(d) may file a Chapter 11 petition. These minimal eligibility requirements render Chapter 11 amenable to abuse. The good faith standard for the filing and maintenance of Chapter 11 cases protects the jurisdictional integrity of the bankruptcy courts and

[3] As with the over one hundred motions and requests for relief Ms. Lee filed in the Second Case, the motions Ms. Lee filed in the Current Case have not complied with applicable rules, specifically including Local Rule 9013.

> prohibits a debtor's misuse of its processes. It is well established that a lack of good faith constitutes cause for dismissal of a Chapter 11 case under 11 U.S.C. § 1112(b). As this Court has observed:
>
> > The good faith requirement provides parties in interest and the bankruptcy courts with an important and useful policing tool for preserving the reorganization process for those Chapter 11 cases for which it was actually intended. Its proper application makes certain that debtors who seek bankruptcy reorganization protection do so for no purpose other than to accomplish the legitimate aims and objectives of the statute.
>
> *In re HBA East, Inc.*, 87 B.R. 248, 258 (Bankr. E.D.N.Y. 1988).

*In re Purpura*, 170 B.R. 202, 206 (Bankr. E.D.N.Y. 1994) (citations and footnote omitted); *quoted in In re Nichols*, 223 B.R. 353, 359-60 (Bankr. N.D. Okla. 1998).

The Show Cause Order required Ms. Lee to show cause in writing why her case should not be dismissed under 11 U.S.C. § 1112(b), and why that dismissal should not be with prejudice to refiling another case within 180 days under 11 U.S.C. § 349(a), for abuse or bad faith conduct prejudicial to a creditor. The Show Cause Order further required Ms. Lee "state how she expects to satisfy each applicable element of 11 U.S.C. §§ 1123 and 1129. Ms. Lee must attach to her response a full copy of each case, statute, rule, or regulation referenced in the response, except Ms. Lee need not attach a full copy of the Bankruptcy Code sections or the cases cited in this Order to Show Cause." Show Cause Order at 6.

Ms. Lee filed a Response to the Show Cause Order, which did not attach a copy of any case, statute, rule, or regulation. Her Response references the doctrine of *Cestui Que Vie*, which this Court previously considered and rejected in the Second Case. *See* Order on Pending Motions Filed by Debtor (docket #213 in the Second Case), at 16-17. The doctrine remains inapplicable to her. Claiming to be her own trustee does not increase her rights in this Court. Ms. Lee's Response to the Show Cause Order does not show she is acting in good faith and does not show she has the ability to satisfy each applicable element of 11 U.S.C. §§ 1123 and 1129. Instead, it is clear the purpose of her bankruptcy filing is to hinder and delay the same secured creditors as in the Second Case and to pursue new disputes with taxing authorities. The Court cannot find that to be a valid purpose of a Chapter 11 filing.

Ms. Lee has consistently refused to comply with this Court's orders and with the requirements of the Bankruptcy Code and applicable rules of procedure. Ms. Lee has acted in bad faith. Her conduct constitutes an abuse of the provisions of the Bankruptcy Code. The Court finds cause for dismissal of the Current Case under 11 U.S.C. § 1112(b), with dismissal, rather than conversion to Chapter 7, being appropriate, given the recency of her Chapter 7 case and entry of her Chapter 7 discharge. The Court further finds it appropriate to dismiss the case with prejudice to refiling another case within 180 days

under 11 U.S.C. § 349(a), for abuse and bad faith conduct prejudicial to a creditor. *See In re Guebert*, No. 07-41165, 2008 WL 1744777, at *8 (Bankr. D. Kan. Apr. 11, 2008) (applying § 349(a)).

In the alternative, the Court finds Ms. Lee was ineligible to be a debtor at the time she filed the Current Case, because within the preceding 180 days, she was a debtor in a case in which she requested and obtained the voluntary dismissal of the case following the filing (and the granting) of a request for relief from the automatic stay. *See* 11 U.S.C. § 109(g)(2). In her Response to the Show Cause Order, Ms. Lee appears to argue § 109(g)(2) applies only when a debtor requests relief from the automatic stay. Ms. Lee did not provide any legal support for her proposed construction of § 109(g)(2), the application of which would result in the exception swallowing the rule. It is almost always creditors, not debtors, who seek relief from stay. Section 109(g)(2) is intended to protect creditors:

> Congress enacted § 109(g)(2) in 1984 for the purpose of curbing what it perceived to be abusive repetitive bankruptcy filings by debtors. *Grossman v. Beal (In re Beal)*, 347 B.R. 87, 89 (E.D.Wis.2006) (citing 130 Conf., Rec. 20, 088 (1984) (Statements of Sen. Hatch); Ned W. Waxman, *Resolving the Split of Authority Concerning Code Section 109(g)(2)*, 10 *Norton Bankruptcy Law Advisor 1*, 1 (2005)). "The typical scenario that the provision is intended to prevent is a debtor's voluntary dismissal of a case and subsequent refiling of a new case for the purpose of 'preventing creditors from acquiring relief from the automatic stay and pursuing foreclosing remedies in state court proceedings.'" *Id.* (citations omitted). The statute gives secured creditors a 180–day window to pursue state law remedies free of the automatic stay. Id. (citations omitted); *see also* William L. Norton Jr. & William L. Norton III, *Norton Bankruptcy Law & Practice* 2d § 115.7 (2006) (stating that "[§] 109(g)(2) was enacted to defeat the practice observed in some jurisdictions of multiple refilings in an effort to overcome the grant of relief from the stay in a prior case").

*In re Rivera*, 494 B.R. 101, 105 (1st Cir. BAP 2013). Here, under any of the tests set forth in *Rivera*, the 180-day bar should be applied. The mandatory approach best follows the plain language of the statute and applies here. *See In re Gill*, 584 B.R. 63, 68-69 (Bankr. W.D. Okla. 2018). Even if this Court did not follow the mandatory approach, the Court finds a causal connection between Ms. Lee's dismissal of the Second Case and the filing of the Current Case, and creditors who received relief from stay in the Second Case and attempted to enforce their state law rights are prejudiced by the filing of the Current Case. Under 11 U.S.C. § 109(g)(2), Ms. Lee remains ineligible to be a debtor in bankruptcy for 180 days after the dismissal of the Second Case.

Accordingly, it is

HEREBY ORDERED that the above-captioned case is DISMISSED, effective immediately upon entry of this Order. It is

FURTHER ORDERED that the dismissal is WITH PREJUDICE to the filing of a new bankruptcy petition within 180 days of the date of this Order. The Clerk of Court is directed to refuse to accept any new bankruptcy petition filed by or on behalf of Ms. Lee within the next 180 days.

Dated July 21, 2026

BY THE COURT:

Kimberley H. Tyson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re:

MICHELLE DEON LEE, Case No. 26-14100-KHT
Debtor. Chapter 11, Subchapter V

DEBTOR'S MOTION TO RECONSIDER, VACATE, OR AMEND THE ORDER DISMISSING CASE WITH PREJUDICE TO THE EXTENT IT IMPOSES A 180-DAY BAR UNDER 11 U.S.C. § 109(g)(2)

Debtor, Michelle Deon Lee, respectfully moves this Court to reconsider, vacate, or amend the Order Dismissing Case With Prejudice entered July 21, 2026, to the extent the Order imposes a 180-day bar to refiling under 11 U.S.C. § 109(g)(2). Plaintiff's inalienable rights to property, fairness, and due process and statutory rules are in direct conflict with Gods Law. In support, Debtor states as follows:

1. The Court's Order concludes that Debtor is ineligible to be a debtor for 180 days under 11 U.S.C. § 109(g)(2).

2. Debtor respectfully objects to that conclusion because the facts do not establish the specific statutory requirements for application of § 109(g)(2).

3. Section 109(g)(2) is a narrow disqualification provision and should be applied only when the statute's specific conditions are actually met.

4. The statute requires a factual connection between a request for relief from the automatic stay and the debtor's voluntary dismissal of a prior case.

5. Here, the relevant timeline does not establish that required connection.

6. In the Second Case, relief from stay was granted to certain creditors during 2025.

7. The Second Case later continued through entry of Debtor's Chapter 7 discharge on February 24, 2026.

8. The Second Case was not closed until April 24, 2026.

9. The current Chapter 11, Subchapter V case was filed on June 8, 2026.

10. The fact that the Second Case remained open through discharge and closure shows that the case did not end immediately or automatically because of the earlier stay-relief rulings.

11. The record does not establish that Debtor's later dismissal of the Second Case was caused by, or directly tied to, the filing or granting of the stay-relief motions in the manner contemplated by § 109(g)(2).

12. Because § 109(g)(2) is a penalty-type provision, it should not be expanded beyond its plain terms or applied without the precise statutory facts.

13. Debtor respectfully submits that the Court's application of § 109(g)(2) was too broad, and the 180-day bar should not be imposed on these facts.

WHEREFORE, Debtor respectfully requests that the Court enter an order:

A. Reconsidering the July 21, 2026 Order to the extent it imposes a 180-day bar under 11 U.S.C. § 109(g)(2);

B. Vacating or amending the finding that Debtor is barred from refiling for 180 days;

C. Clarifying that § 109(g)(2) does not apply on the facts of this case; and

D. Granting such other and further relief as the Court deems just and proper.

Dated: [date]

Respectfully submitted,

__________________________________

Michelle Deon Lee

**CERTIFICATE OF SERVICE**

**I certify that on ______06/16/26I served a true and correct copy of the foregoing**
**[Title of Document] by [method of service: U.S. Mail**
**upon the following parties at the addresses listed below:**
**Objection to dismissal**

**15430 Fairway Dr., Commerce City, CO 80022 Adams County**
**Creditor / Counsel: Randall S. Miller & Associates, P.C. - CO**
**Contact / Addressee: Aricyn Dall**
**Address: 216 16th Street, Suite 1210, Denver, CO 80202**

**Abbey Ulsh Dreher**
**Bonial & Associates, PC**
**14841 Dallas Parkway**
**Suite 300**
**Dallas, TX 75254**
**512-241-9699 Email:**

**Creditor: Bellco Credit Union**
**Counsel / Addressee: Janeway Law Firm, P.C. / Allison April**
**Address: 9540 Maroon Circle, Suite 320, Englewood, CO 80112**

**Creditor / Servicer: Nationstar (Mr. Cooper)**
**Contact / Addressee: Rachael S.**
**Address: 4004 Beltline Rd, Suite 100, Addison, TX 75001**
**New American**
**Address: PO Box 10826, Greenville, SC 29603-0826**
**2. Addressee:HEATHER L. DEERE; HALLIDAY, WATKINS & MANN, P.C. Heather L. Deere, #28597**
**Address: 355 Union Blvd., Suite 250, Lakewood, CO 80228**
**Federal Building : Byron G. Rogers Federal Building, 1961 Stout St., Ste. 12-200, Denver, CO 80294**

Kalamata / Purchaser (opposing party)
Purchaser's counsel: Robert Gregory Busch, RG Busch, PLLC
Address: P.O. Box 3931, Greenwood Village, CO 80155
Notes: Counsel for Kalamata Capital Group, LLC — include in demand and Certificate of Service.

Servicer / Agent (identified contact)
Corporate Servicer: Berkovitch & Bouskila (or servicer contact)
Contact: Ariel Bouskila, Partner
Address: 1545 Route 202, Suite 101, Pomona, NY 10970Phone: 212-729-1477Email: